IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYESHA MILEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING | : | |
| AUTHORITY | : | NO. 16-4309 |

MEMORANDUM

KEARNEY, J.　　　　　　　　　　　　　　　　　　　　　　　　　　December 8, 2016

An attorney claiming race discrimination and retaliation motivated her public agency employer to fire her must bring these civil rights claims under the correct statute. Even under the correct statute, she must plead facts and not broad conclusions. When, as here, she fails to do so, we dismiss federal retaliation and state law claims with prejudice and dismiss her supervisory liability race discrimination claim without prejudice to allow her a third chance at stating a supervisory liability race discrimination claim.

**I.　Attorney Miley's allegations.**

The Philadelphia Housing Authority hired Tyesha Miley, Esquire, an African American woman, as a senior attorney on December 6, 2013.[1] Clare Fitzgerald, who is Caucasian, supervised Attorney Miley.[2] Attorney Miley alleges Ms. Fitzgerald subjected her to unfair scrutiny and harassment and favored Attorney Miley's white coworkers.[3] In February 2014 (three months into her employment), Attorney Miley filed a complaint against Ms. Fitzgerald with the Authority's Human Resources Department, claiming Ms. Fitzgerald subjected her to bullying, unfair scrutiny, and harassment.[4] Four days later, Attorney Miley filed another complaint alleging Ms. Fitzgerald harassed her.[5] The Authority told Attorney Miley it was investigating her claims against Ms. Fitzgerald, and on May 20, 2014, Attorney Miley met with

the Authority's attorney leading its investigation.[6] The next day, the Authority told Attorney Miley her complaints were unfounded.[7] On May 29, 2014, the Authority orally advised Attorney Miley of its decision to terminate her employment.[8] Two years later, Attorney Miley sued the Authority for race discrimination and retaliation under 42 U.S.C. §§ 1981 and 1983 and asserts additional "state law claims" challenging her termination.

## II. Analysis

The Authority moves to dismiss Attorney Miley's complaint.[9] Attorney Miley's first two counts assert supervisory liability race discrimination and retaliation claims under §§ 1981 and 1983.[10] Attorney Miley also alleges "state law claims," in the most conclusory fashion, averring "discrimination, harassment, and retaliatory discharge in violation of [Authority's] handbook." We dismiss her § 1981, §1983 retaliation and state law claims with prejudice and her §1983 race discrimination claim without prejudice with leave to amend this one claim if possible under Fed.R.Civ.P. 11.

### A. We dismiss the Section 1981 claims as not creating a private right of action.

Attorney Miley's § 1981 claims for race discrimination and retaliation necessarily fail because § 1981 does not provide a remedy or create a private right of action against state actors.[11] Instead, "§ 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981."[12] The Authority is an agency of the Commonwealth of Pennsylvania and thus a state actor.[13] We dismiss Attorney Miley's § 1981 claims with prejudice.

### B. We dismiss the Section 1983 retaliation claim with prejudice.

Attorney Miley alleges a § 1983 retaliation claim, asserting she was "terminated because of her race and color, not because she failed to perform her job duties in a satisfactory manner.... Plaintiff was terminated for engaging in protected activity for complaining of race and color

2

discrimination and race and color harassment."[14] Retaliation claims cannot proceed under § 1983.[15] We dismiss Attorney Miley's § 1983 retaliation claim with prejudice.

### C. We dismiss the supervisory liability claim without prejudice.

Attorney Miley next asserts a *Monell* claim,[16] alleging the Authority maintained customs, practices and policies of failing to investigate racial discrimination or train employees to perform such investigations. Her complaint is devoid of facts to support this charge. She alleges two conclusory averments stating the Authority had a custom, practice, and policy to disregard valid complaints of discrimination or not investigate complaints.[17] These statements are not factual content we can consider after *Twombly* and *Iqbal*. Even so, the allegations confirm she could not sustain the "deliberate indifference" prong of a *Monell* claim.[18] Attorney Miley admitted the Authority not only investigated the claim, but interviewed her as part of the investigation. We will dismiss this claim without prejudice in the event she can, under Rule 11, plead facts supporting a supervisory claim.

### D. We dismiss the state law claims with prejudice.

Attorney Miley lastly pleads "state law claims" of discrimination, harassment, and retaliation. Common law employment discrimination claims are precluded by the Pennsylvania Human Relations Act ("PHRA").[19] Attorney Miley has not asserted her state law claims under the PHRA, which would require her to have timely filed a complaint with the Pennsylvania Human Relations Commission.[20]

### E. We grant leave for Attorney Miley to file a Second Amended Complaint.

We dismissed Attorney Miley's race discrimination and *Monell* claims under § 1983 without prejudice and will grant leave for her to file a Second Amended Complaint for those claims. Fed. R. Civ. P. 15(a)(1) allows leave for plaintiffs to amend complaints "when justice so

requires." We are instructed to grant leave to amend pleadings in the absence of undue delay, bad faith, failure to cure deficiencies, and futility of amendment.[21] Attorney Miley has not caused undue delay or asserted her claims in bad faith. We will give Attorney Miley one more chance to cure the deficiencies in her amended complaint.

### III. Conclusion

Attorney Miley cannot bring claims against the Authority under § 1981. She failed to state a claim under § 1983. And she cannot assert common law state claims for employment discrimination. In the accompanying Order, we dismiss her § 1983 retaliation claim, § 1981 claims, and state law claims with prejudice and dismiss her § 1983 *Monell* race discrimination claim with leave for her to file a Second Amended Complaint, if possible under Rule 11, seeking a remedy against the Authority under *Monell* for alleged race discrimination.

---

[1] ECF Doc. No. 5, Am. Compl. ¶ 8.

[2] *Id.* at ¶¶ 1, 9.

[3] *Id.* at ¶¶ 10, 15.

[4] *Id.* at ¶¶ 10-11.

[5] *Id.* at ¶ 14.

[6] *Id.* at ¶¶ 18-19.

[7] *Id.* at ¶ 20.

[8] *Id.* at ¶¶ 22.

[9] A defendant moving to dismiss under Fed R. Civ. P. 12(b)(6) bears the burden of proving the plaintiff has failed to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *see also, e.g., Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The plaintiff must allege sufficient factual matter, accepted as true, to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a

4

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action...do not suffice." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Analyzing claims is a "context-specific task" requiring us to use their "judicial experience and common sense" when ultimately deciding whether a plaintiff pled sufficient factual content to plausibly state a claim for relief. *Iqbal*, 556 U.S. at 679. Under *Twombly* and *Iqbal*, our Court of Appeals offers a two-part test under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefits Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[10] Pennsylvania has a two-year statute of limitations for § 1983 claims. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). A cause of action accrues, or starts the statute of limitations clock, "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The Authority terminated Attorney Miley's employment on May 29, 2014. Attorney Miley did not initiate this suit until May 31, 2016, two days after her two year statute of limitations for a § 1983 claim. But under Pennsylvania law, Sundays and holidays are omitted as possible end dates for statute of limitations periods. *See* 1 Pa.C.S.A § 1908. May 31 was the day after Memorial Day, and the May 29 fell on a Sunday. Attorney Miley's filing in state court is timely and her later amendment relates back to the same facts.

[11] *See McGovern v. City of Philadelphia*, 554 F.3d 114, 116 (3d Cir. 2009) (citing *Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 701, 733 (1989)).

[12] *Jett*, 491 U.S. at 733.

[13] *See City of Philadelphia v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 118–19 (3d Cir. 1993) (classifying Authority as a Commonwealth agency); *McField ex rel. Ray v. Philadelphia Housing Authority*, 992 F. Supp. 2d 481, 493 (E.D. Pa. 2014) (determining Authority was a state actor for purposes of § 1983).

[14] ECF Doc. No. 5, ¶¶ 27, 28.

5

[15] *See Marion v. City of Philadelphia/Water Dept.*, 161 F. Supp. 2d 381, 386 n. 2 (E.D. Pa. 2001) (citing *Notari v. Denver Water Dep't*, 971 F.2d 585, 587 (10th Cir. 1992)).

[16] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[17] ECF Doc. No. 5, ¶¶ 12-13.

[18] *See Bd. of Cnty. Comm'rs. v. Brown*, 520 U.S. 397, 404 (1997) ("The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.").

[19] *Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 918-19 (Pa. 1989) ("the PHRA provides a statutory remedy that precludes the assertion of a common law tort action for wrongful discharge based upon discrimination").

[20] *See* 43 Pa.C.S. §§ 959(a), 962; *see also Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997).

[21] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be denied only when there is a justifiable reason).